UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JA QURE AL-BUKHARI,  :
    Plaintiff,  :
      :
v.  :    No. 3:16-cv-1428 (SRU)
      :
SCOTT SEMPLE, et al.,  :
    Defendants.  :

# RULING ON PENDING MOTIONS

Ja Qure Al-Bukhari, proceeds *pro se* in this civil rights action. On October 27, 2016, I issued an order staying this action to permit the parties in this and other cases filed by Al-Bukhari that have also been stayed to attempt to settle all of the stayed actions. Al-Bukhari has filed a motion to lift the stay, a motion for a copy of the complaint, a motion for an initial review order, and a motion seeking an order certifying this case as a class action. For the reasons set forth below, the motion to lift the stay is granted, the motion for copy is granted, and the remaining two motions are denied.

**I.    Motion for Copy [ECF No. 14]**

Al-Bukhari states that his copy of the complaint became lost or damaged in early January 2017. The fact that the court previously granted Al-Bukhari permission to proceed *in forma pauperis* does not automatically entitle him to free copies of documents or rulings. *See In re Richard,* 914 F.2d 1526, 1527 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give the [prisoner] litigant a right to have documents copied and returned to him at government expense"); *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) ("inmate[s] ha[ve] no constitutional right to free [photo]copies"). Still, receipt of the complaint should facilitate the efficient resolution of this case. Accordingly, the Clerk shall mail Al-Bukhari a copy of his complaint.

## II. Motion for Class Action Status and Certification [ECF No. 15]

Al-Bukhari claims that this action involves a claim regarding the use of restraints on mentally-ill inmates. He contends that he has met the standard for class action status.

Courts have held consistently that inmates do not have standing to sue on behalf of fellow prisoners or other persons. *See Singleton v. Wulff*, 428 U.S. 106, 114 (1976) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party." (internal quotation marks and citations omitted)); *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) ("A *pro se* litigant . . . is not empowered to proceed on behalf of anyone other than himself." (citations omitted)); *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 58 (2d Cir. 1994) (standing requires that plaintiff assert "its own legal rights, and not those of third parties"); *Swift v. Tweddell*, 582 F. Supp. 2d 437, 449 (W.D.N.Y. 2008) (holding inmate "lack[s] standing . . . to assert claims on other inmates' behalf" (citation omitted)). Furthermore, although a litigant in federal court has a right to act as his own counsel pursuant to 28 U.S.C. § 1654, a non-attorney has no authority to appear as an attorney for others. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation omitted)).

Al-Bukhari is not represented by counsel in this action. In addition, the attorney who had been appointed as *pro bono* counsel in the lead case of three consolidated actions filed by Al-Bukhari, *Al-Bukhari v. Dep't of Corrections*, No. 3:16-cv-53 (SRU), has withdrawn as counsel for Al-Bukhari. As a *pro se* litigant, Al-Bukhari cannot assert claims on behalf of anyone other than himself.

Rule 23(a) of the Federal Rules of Civil Procedure identifies four prerequisites that must be met before a class action can be certified.  One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

>  (1) the class is so numerous that joinder of all members is impracticable;
>  (2) there are questions of law or fact common to the class;
>  (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>  (4) the representative parties will fairly and adequately protect the interests of the class.

Rule 23(a), Fed. R. Civ. P.  The party seeking to certify a class bears the burden of demonstrating that the requirements of Rule 23 have been met.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974).

A *pro se* party may not represent the interests of a class.  *See Barnes v. Ross*, 926 F. Supp. 2d 499, 505 (S.D.N.Y. 2013) ("inmate who [was] not an attorney [failed to] demonstrate[] that he [was] an adequate class representative" and as "[a] pro se litigant" the inmate was "not empowered to proceed on behalf of anyone other than himself." (citation omitted)); *Jolley v. Correctional Managed Health Care,* No. 3:04-cv-1582 (RNC), 2007 WL 2889469, at *1 (Sept. 27, 2007) (*pro se* litigants are not permitted to represent the interests of other class members).  Because Al-Bukhari is not an attorney and cannot assert claims on behalf of anyone other than himself, he has not demonstrated that he is an adequate class representative.  Furthermore, he has not demonstrated that the class is so numerous that joinder of the all the members is not practicable.  I decline to certify this as a class action because Al-Bukhari has not met all of the prerequisites of Rule 23.  The motion for class action status and certification is denied.

**III.     Motion to Dissolve the Stay [ECF No. 10]
          Motion to Expedite Initial Review Order [ECF No. 11]**

Al-Bukhari seeks to lift the stay entered on October 27, 2016, because the parties have failed to reach a settlement agreement. Al-Bukhari also asks the court to review the allegations in the complaint and issue an initial review order. Because Al-Bukhari and counsel for the defendants named in another stayed case have reported that the parties have failed to reach an agreement to settle this case and other cases filed by Al-Bukhari, the motion to dissolve the stay entered in this case is granted. *See Al-Bukhari v. Dep't of Correction*, No. 3:16-cv-53 (SRU) (lead case), ECF No. 78 (Joint Status Report).

An IRO will issue today. Accordingly, Al-Bukhari's motion seeking an expedited review of the allegations in the complaint is denied as moot.

**IV.   Consolidation**

A review of the allegations in the complaint filed in this action and the allegations in the amended complaint filed in *Al-Bukhari v. Dep't of Correction*, No. 3:16-cv-53 (SRU) (lead case), reflects that the claims are sufficiently similar enough to warrant consolidation of this case with *Al-Bukhari v. Dep't of Correction*, No. 3:16-cv-53 (SRU). Both actions involve incidents that occurred at Northern Correctional Institution. The allegations in this action occurred in March 2016 and the allegations in *Al-Bukhari v. Dep't of Correction*, No. 3:16-cv-53 (SRU), occurred in December 2015. Specifically, the incidents involved the use of force in the form of pepper spray/a chemical agent, the use of in-cell and four point restraints, deliberate indifference to serious medical and mental health needs and safety and unconstitutional conditions of confinement. In addition, five of the same individuals were involved in both incidents. Accordingly, the Clerk is directed to consolidate this case with *Al-Bukhari v. Dep't of Correction*, No. 3:16-cv-53 (SRU) (lead case).

Once this case is consolidated with the lead case, I will issue an order with regard to the filing of one amended complaint in the consolidated action.

**V.     Conclusion**

The Motion for a Copy of the Complaint [**ECF No. 14**] is **GRANTED**.

The Motion for Class Action Status and Certification [**ECF No. 15**] and Motion to Expedite Initial Review Order [**ECF No. 11**] are **DENIED**.  The Motion to Dissolve the Stay [**ECF No. 10**] is **GRANTED**.  The Clerk is directed to consolidate this case with *Al-Bukhari v. Dep't of Correction*, No. 3:16-cv-53 (SRU) (lead case).   Once this case is consolidated with the lead case, the court will issue an order with regard to the filing of one amended complaint in the consolidated action.

SO ORDERED at Bridgeport, Connecticut, this 16th day of May 2017.

/s/STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge